**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREA G. CLARKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-01160-TWP-TAB |
| | ) | |
| ANDERSON COMMUNITY SCHOOL | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

This matter is before the Court on Defendant, Anderson Community School Corporation's ("ACSC") Motion to Dismiss Plaintiff's Amended Complaint. (Filing No. 21).  Plaintiff, Andrea G. Clarkson, ("Clarkson"), alleges in her Amended Complaint that she was discriminated and retaliated against by her employer, ACSC,  on the basis of her sex (female) in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., as amended, and that ACSC unlawfully discriminated and retaliated against her in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").  ACSC denies the allegations and moves for dismissal. For the reasons stated below, the Motion to Dismiss is **granted**.

## I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal

conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").  The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## II.    BACKGROUND

On May 8, 2021, Clarkson filed her initial Complaint asserting claims for (Count 1) sex discrimination by harassing and assigning her to the PAR program, (Count 2) age discrimination by subjecting her to a hostile work environment, and (Count 3) retaliation because Anderson High School officials continued harassing her after she repeatedly stated that she was being singled out compared to other teachers (Filing No. 1).  On September 16, 2021, the Court granted ACSC's first motion to dismiss, determining that Clarkson had failed to sufficiently allege discrimination and

retaliation claims (Filing No. 17).  The Court noted, "If an amended complaint is an exercise in futility, the motion to dismiss will be converted to a dismissal with prejudice . . . ."  *Id.* at 9.

Clarkson filed an Amended Complaint on September 29, 2021 (Filing No. 19).  For the most part, the facts alleged in the Amended Complaint are identical to those set forth in detail in the September 16, 2021 Order Granting Defendant's Motion to Dismiss (*see generally* Filing No. 17) and with the exception of the additional facts contained in the Amended Complaint, the factual allegations are summarized.

The allegations in Clarkson's Amended Complaint occurred during the 2019-2020 school year when she was 58 years old.  Clarkson is employed by ACSC, and during the 2019-2020 school year she was working as an English teacher at Anderson High School.  Clarkson had a co-teacher, 39 year old Christopher Brown ("Brown"), and she "noticed that Brown frequently left early, without notifying the school" and was absent some days, "far more often than Clarkson had ever observed with any other teacher."  (Filing No. 19 at 3.)  Clarkson learned that Brown was leaving early in order to give drum lessons to the children of ACSC's Assistant Superintendent.  "This situation made Clarkson uncomfortable, although she withdrew her request for reassignment after Principal Eric Davis ("Davis") made a personal plea for [her] to say [sic]."  *Id.* at 3 ¶ 21.

Kelly Durr ("Durr") became the Assistant Principal in 2019-2020 and Clarkson noticed that she was being treated differently than other teachers.  On September 4, 2019, Clarkson was called to a meeting with administrators and her union representatives to discuss allegations that Clarkson had asked other teachers for prescription pain medication. At the meeting the Administrator also raised the topic of four days on which Clarkson had allegedly arrived late.  *Id.* at 4-5.)  Clarkson is aware of other instances "when ACSC has used a teacher's alleged late arrivals as [a] basis to downgrade the teacher's performance in an attempt to drive the teacher out."  *Id.* at

4 (emphasis omitted).  Clarkson felt that she was being singled out.  "After Clarkson refuted all of the administrators [sic] allegations … no disciplinary action was taken against her, and it became clear to Clarkson that the only reason for the meeting was to build a case to either force her to resign, or terminate her employment."  *Id*. at 6-7.

Clarkson was not disciplined but she was nevertheless humiliated in front of the administrators and union officers.  *Id*. at 5.  Since that meeting, Durr has continued to monitor Clarkson's arrival times, peers into Clarkson's classroom to see if Clarkson is there, and asks other teachers about whether Clarkson is dressed appropriately.  Clarkson believed the observations had gone well; however, Durr presented her with a negative teaching evaluation--the first negative evaluation that she had received in over thirty years of teaching.  Durr rated Clarkson as either needing improvement or being ineffective in 11 of the 16 categories in the evaluation.  Based on Durr's negative evaluation, Clarkson was placed in ACSC's Peer Assistance Review ("PAR") program, which can lead to non-renewal of a teacher's contract if it is not successfully completed. *Id*. at 9 . ACSC cannot terminate a teacher until a teacher has failed to successfully complete PAR. *Id*.   Clarkson alleges that ACSC has a history of forcing older employees out of their jobs. Clarkson continues to work for ACSC and "[a]s of September 2021, Clarkson was still assigned to the PAR program."  *Id*. at 10.

### III.  DISCUSSION

The three claims in the Amended Complaint are the same as those that were brought in the original Complaint with only a few minor changes and additions.  As ACSC accurately points out, the factual allegations have not changed, and the minor changes and additions are simply "unsupported, conclusory allegations regarding how [Clarkson] contends those facts should be interpreted."  (Filing No. 22 at 7, 8.)

4

In the Amended Complaint Clarkson adds the following to her three counts:

- "By unwarrantedly harassing Clark[son] for allegedly being late, and/or for leaving early, ACSC acted in such a way as to 'build a case' to either force Clarkson to resign, or to terminate her employment." (Filing No. 19 at 11, 12, 13.)

- "ACSC's actions were a direct threat to Clarkson's career prospects and future employment." *Id.*

- "By unwarrantedly downgrading Clarkson's performance during observations, and using the unjustified negative evaluations to force Clarkson into the PAR program, a fact that was known to Clarkson's peers, ACSC subjected Clarkson to professional and personal humiliation, and damage to her professional reputation." *Id.*

- "Moreover, ACSC deliberately rigged the PAR process to make it more difficult for Clarkson to successfully complete the program in order to force her to resign, or to make her termination possible." *Id.* at 11.

The Court agrees with ACSC that the additional verbiage in the Amended Complaint amounts to legal conclusions or unsupported, conclusory assertions regarding how Clarkson contends the facts should be interpreted. The Court will briefly address each of the counts.

## A.   Count I: Sex Discrimination

None of Clarkson's additions allege an adverse employment action because of her sex. The threshold question remains whether an adverse employment action has occurred. *See Madlock v. WEC Energy Grp., Inc.*, 885 F.3d 465, 470 (7th Cir. 2018). Adverse employment actions must be "significant" to be cognizable as discrimination and must involve more than an inconvenience or alternation of job responsibilities. *Maclin v. SBC Ameritech*, 520 F.3d 781, 787 (7th Cir. 2008).

The Seventh Circuit has identified three general categories of materially adverse employment actions, including:

> cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.

*O'Neal v. City of Chi.*, 392 F.3d 909, 911 (7th Cir. 2004); *Maclin*, 520 F.3d 787-88.

In her Amended Complaint, Clarkson does not allege that she engaged in protected activity in which she was being singled out because of her sex or age. She alleges only that she was being treated differently from other teachers for allegedly being late and leaving early, and ACSC acted in such a way as to build a case to either force her to resign, or terminate her. Clarkson's allegations that Brown (who was younger) left early, and her belief that she was being singled out, and that Durr "had a reputation for running out older teachers", (Filing No. 19 at 4), does not qualify as protected activity. These unsupported allegations do not indicate discrimination based on a protected characteristic. As the Court previously determined, the negative performance review and placement in the PAR program was not an adverse employment action, (*see* Filing No. 17 at 7). *See, e.g., Fields v. Bd. of Education of City of Chicago*, 928 F.3d 622, 626 (7th Cir. 2019); *Boss v. Castro*, 816 F.3d 910, 917-18 (7th Cir. 2016); *Langenbach v. Wal-Mart Stores, Inc.,* 761 F.3d 792, 799 (7th Cir. 2014).

Clarkson's new allegation is that she believes ACSC is building a case to push her towards a materially adverse employment action and is doing so unfairly. These assertions are legal conclusions unsupported by facts that differ from the set of facts found in Clarkson's deficient

original Complaint.  Moreover, the Seventh Circuit has held that "an employer's unfulfilled 'threats of unspecified disciplinary action' [do] not constitute adverse actions." *Lewis v. Wilkie*, 909 F.3d 858, 868 (7th Cir. 2018) (quoting *Poullard v. McDonald*, 829 F.3d 844, 856–57 (7th Cir. 2016)). Thus, dismissal is warranted on this claim.

**B.**   **Count II: Age Discrimination**

In Count II, Clarkson's additions face the same problem.  The analysis remains whether: (1) the work environment is both subjectively and objectively offensive, (2) the harassment is based on membership in a protected class, (3) the conduct is severe or pervasive, and (4) there is a basis for employer liability.  *See Tyburski v. City of Chicago*, 964 F.3d 590, 601–02 (7th Cir. 2020).  Like the original Complaint, Clarkson's new allegations do not establish that her work environment is subjectively and objectively offensive and severe or pervasive.  Accordingly, dismissal remains appropriate on this claim.

**C.**   **Count III: Retaliation**

In Count III, Clarkson asserts a claim for retaliation.  (Filing No. 19 at 12.)  Title VII prohibits an employer from acting in retaliation against employees who oppose any practice made unlawful under Title VII.  42 U.S.C. § 2000e-3(a) (2012).  In order to state a claim for retaliation under Title VII or the ADEA, Clarkson must allege facts that, at a minimum, show she engaged in protected activity and suffered an adverse employment action.  *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016); *Barton v. Zimmer*, 662 F.3d 448, 455 (7th Cir. 2011).

Clarkson's Amended Complaint does not add any factual allegations related to the claim of retaliation other than the allegation that "[b]y unwarrantedly harassing Clark[son] for allegedly being late, and/or for leaving early, ACSC acted in such a way as to 'build a case' to either force Clarkson to resign, or to terminate her employment."  (Filing No. 19 at 11, 12, 13.)  But Clarkson

has not resigned, been terminated or otherwise subjected to any adverse employment action.  This Court found previously that she has not sufficiently alleged that she "engaged in protected activity in which she was being singled out because of her sex or age." (Filing No. 17 at 8.)  The allegations in the Amended Complaint do not support any protected activity based on sex or age. The Amended Complaint does not show that the environment is subjectively and objectively offensive. Thus, dismissal is warranted on this claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Anderson Community School Corporation's Motion to Dismiss (Filing No. 21).  Clarkson's claims against ACSC are **dismissed with prejudice** for failing to state a claim upon which relief may be granted.  Final judgment will issue under separate order.

**SO ORDERED.**

Date:   4/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES PC
jaym@ecrls.com

Sara R. Blevins
LEWIS & KAPPES PC
sblevins@lewis-kappes.com